**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SECURITIES AND EXCHANGE
COMMISSION; ADAM A. REEVES,

        Plaintiffs - Appellees,

EILEEN JORGENSEN;
PAUL JORGENSEN,

        Claimants - Appellants,

  and

ERIN FINN,

        Claimant,

  v.

ALEXANDER JAMES TRABULSE;
FAHEY FUND, L.P.; FAHEY
FINANCIAL GROUP, INC.;
INTERNATIONAL TRADE & DATA;
ITD TRADING,

        Defendants - Appellees,

No. 09-17443

D.C. No. 3:07-cv-04975-WHA

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

MICHAEL A. GRASSMUECK, Monitor,

Receiver - Appellee.

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted March 17, 2011
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Claimants Eileen Jorgensen and Paul Jorgensen appeal from the district court's approval of the monitor's recommendations regarding the treatment of their claim. We vacate the approval and remand for further proceedings consistent with this disposition.

As a general proposition, we agree with the monitor's determination that the Jorgensen claim is properly limited to the actual cost of the rugs, not to any purported retail value and not including any markup for overhead or profit. The out-of-pocket costs incurred by the Jorgensens were not limited to the acquisition cost of the rugs, however. Freight and duty charges paid to third parties, to the extent the Jorgensens present reliable evidence establishing the amount of these charges, should be recognized as part of their costs as well. Those charges were as

necessary to obtain the rugs as were the acquisition costs. The failure to recognize those hard costs was an abuse of discretion. The value of the investment credited to them, for calculating their distribution from the fund, should be increased to include those out-of-pocket costs.

The district court approved the monitor's determination that only 200 rugs were sold to the fund. The other 95 rugs were presumably sold to Trabulse personally. Consistent with that determination, the monitor reduced the "cost" credited to the Jorgensens as part of their investment in the fund by the fraction 200/295. But in calculating the net amount of the Jorgensens' investment, the monitor also subtracted the entire $601,003 that had been paid to them for both the 200 rugs sold to the fund and the 95 rugs sold to Trabulse. That was an abuse of discretion because it treated those 95 rugs inconsistently, as if they had been purchased for the fund in this respect, but as if they had been purchased by Trabulse, not the fund, in the earlier calculation. If the 95 rugs in question were bought by Trabulse, not the fund, then the payment to the Jorgensens for those 95 rugs should not be subtracted in calculating their net investment in the fund. That Trabulse may have obtained the money he paid the Jorgensens for those 95 rugs from the fund was not necessarily the Jorgensens' concern at that time, any more than it would be the concern of a grocery store from which Trabulse bought

groceries. They have not been found complicit in Trabulse's possible embezzlement from the fund. If their costs for the 95 rugs are not recognized, then the amount they are credited for their investment cannot properly be reduced by payments they received for those 95 rugs.

Each party to bear its own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**